

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

_____

*Main Reception: (617) 748-3100*                    *United States Courthouse, Suite 9200*
                                                    *1 Courthouse Way*
                                                    *Boston, Massachusetts 02210*

                                                    October 21, 2004

Scott Lopez, Esq.
24 School street
8ᵗʰ Floor
Boston, MA 02108

              Re:  United States v. Richard Gould
                   Criminal No. 04-CR-10248-RCL

Dear Ms. Byrne:

        Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2
of the Local Rules of the United States District Court for the
District of Massachusetts, the government provides the following
automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A)

      a.    Written Statements

        There are no relevant written statements of the defendant
Richard Gould in the possession, custody or control of the
government, which are known to the attorney for the government.

      b.    Recorded Statements

        The government is unaware of any recorded statements made
by the defendant Richard Gould before or after arrest, in
response to interrogation by a person then known to the defendant
to be a government agent, which the government intends to use at
trial.

      c.    Grand Jury Testimony of the Defendant

        The defendant Richard Gould did not testify before a grand
jury in relation to this case.

     d.   <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant Richard Gould before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.   <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

If you are in need of a copy of the defendant's criminal record, please notify the undersigned and one will be mailed to you immediately.

3.   <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.   <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed are the DEA 7 Reports pertaining to the OxyContin purchased or recovered during this investigation. There presently are no additional reports of physical or mental examinations or scientific tests or experiments made in connection with this case in the possession of the undersigned. All additional reports of examinations and tests covered under Rule 16 (a)(1)(D) received by the undersigned will be forwarded to the defense as soon as they become available to the undersigned.

B.   <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Defendant Alviti's Beverly residence was searched pursuant to a federal search warrant. A copy of the search warrant application, affidavit, and search warrant are enclosed. Defendant Gould's South Boston apartment was searched pursuant to Defendant Gould's consent. A copy of the signed consent form is enclosed. Defendant Gould's former Malden apartment was searched pursuant to the consent of the apartment's owner. A copy of the consent form is enclosed. Alviti and Gould and their respective vehicles were searched incident to their arrest. A description of the searched are contained in the enclosed DEA Reports of

Investigation.

C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)

     Wire communications, as defined in 18 U.S.C. § 2510, of the
defendant relating to the charges in the indictment were
intercepted pursuant to court-authorized electronic surveillance.
On May 21, 2004, the Honorable William G. Young, Chief, United
States District Judge for the United States District Court for
the District of Massachusetts entered an order authorizing the
interception of wire communications occurring over telephone
number (978) 423-9380 for a period of thirty days.  On May 26,
2004, the Court signed an Amended Order for the same telephone
number.

     The government intends to offer communications of the
defendant intercepted pursuant to this order as evidence in its
case-in-chief.

     The following documents pertaining to the court-authorized
electronic surveillance will be provided to the defense as soon
as the government receives a protective order from the Court: 1.)
Application for Authorization to Intercept Communications; 2.)
Affidavit of Richard Sylvia; 3.) Order; 4.) Service Provider
Order; 5.) Government's Motion to Amend Order; 6.) Amended Order;
7.) Government's Motion to Seal; and 8.) Order Sealing
Recordings.   The government anticipates it will receive the
protective order from the Court by Monday, October 25, 2004.

     Recordings of the intercepted calls have been placed on the
discs and will be provided to the defense at the same time as the
above-listed documents.

D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)

     Consensual audio recordings were made of telephone
conversations and/or in-person conversations involving the
defendants Alviti and Gould.  These recordings will be sent by
Friday, October 22, 2004, to the Duplicating Center located at 42
Chauncey Street, Suite 3A, Boston, Massachusetts 02111.  You may
obtain a copy of any or all of the tapes at your expense by
contacting the copy center.  A copy will also be kept at the
Office of the United States Attorney in Boston.  Please contact
the undersigned if you wish to listen to the copy of the tapes
kept at the Office of the United States Attorney.  Video made
during the investigation of this case will also be available at
the Duplicating Center.

E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

     At this time, I am unaware of the names of any known
unindicted coconspirators as to the conspiracy charged in Count
One of the indictment.


F.    Identifications under Local Rule 116.1(C)(1)(f)

     Photos of defendants Alviti and Gould were obtained from the
Massachusetts Department of Motor Vehicles.  These photos were
shown to various law enforcement officials during the course of
the investigation.  I have no additional information indicating
that defendant Alviti was the subject of any other investigative
identification procedure used with a witness the government
anticipates calling in its case-in-chief involving a line-up,
show-up, photo spread or other display of an image of the
defendant.  In the event that I become aware that another such a
procedure was used, I will advise you at that time and provide
you with copies of any tangible evidence reflecting, used in or
memorializing the identification procedure.

G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)

     With respect to the government's obligation under Local Rule
116.2(B)(1) to produce "exculpatory evidence" as that term is
defined in Local Rule 116.2(A), the government states as follows:

     1.    The government is unaware of any information that would
tend directly to negate the defendant's guilt concerning any
count in the indictment.

     2.    The government is unaware of any information that would
cast doubt on the admissibility of evidence that the government
anticipates offering in its case-in-chief and that could be
subject to a motion to suppress or exclude.

     3.    No promises, rewards, or inducements have been given to
any witness whom the government anticipates calling in its case-
in-chief.

     4.    The government is unaware that any of its named case-
in-chief witnesses have any criminal record.

     5.    The government is unaware that any of its named case-
in-chief witnesses have a criminal case pending.

H.    Other Matters

4

In an attempt to resolve this case in an expeditious manner, the government has enclosed numerous DEA Reports of Investigation (DEA 6s); DEA Reports of Drug Property Collected, Purchased or Seized (DEA 7s), DEA Acquisition of Non-Drug Property and Regulatory Seizures (DEA 7as); and other law enforcement reports. These materials are bate stamped 1 through 227.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offenses were committed are set forth in the indictment in this case, a copy of which is enclosed.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3392 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

DAVID G. TOBIN
Assistant U.S. Attorney

enclosures

cc:  LISA ROLAND
     Clerk to the Honorable CHARLES B. SWARTWOOD
     w/o enclosures

5