UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )     CR. NO. 04-10248-RCL<br>)<br>RICHARD W. GOULD         )<br>) | |

### DEFENDANT RICHARD W. GOULD'S
### MOTION TO SUPPRESS ORAL STATEMENTS

Defendant, Richard W. Gould (hereinafter "Gould") hereby moves this Honorable Court to suppress oral statements allegedly made by him on June 30, 2004 after police chased, caught and handcuffed him. Specifically, Gould states that the statements attributable to him were never uttered by him and were made after he asserted his right to counsel and was not provided counsel. Moreover, the statements that the government alleges were uttered by Gould were made in response to a custodial interrogation after Gould asserted his right to remain silent. Finally, at no time did Gould voluntarily, knowingly and intelligently waive his rights to counsel and to remain silent. Accordingly, any oral statements allegedly made by him on June 30, 2004 should be suppressed as required by Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny.

On June 30, 2004, members of the Peabody Police Department and several members of the DEA/FDA Drug Task Force were waiting for Gould to arrive in the area of 5 Trask Court, in Beverly, MA. When Gould arrived at that location, these undercover police, without announcing their intentions, surrounded Gould causing Gould to flee the scene on foot. Subsequently, these undercover officers chased Gould and identified

themselves. After the officers identified themselves, Gould submitted to their authority without further incident.

Based on a report prepared by Special Agent David M. DiTullio, after Gould was in custody he allegedly made statements regarding his involvement in the distribution of Oxycontin, including without limitation, his Source of Supply. However, Mr. Gould never made the statements attributed to him in SA DiTullio's report. Moreover, any statements attributable to Gould by SA DiTullio would have been made by him after he asserted his right to speak to counsel and to remain silent and before he was provided counsel as required by Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny.

In addition, at no time did Gould knowingly, intelligently and voluntarily waive his right to a lawyer or to remain silent and the prosecution has not disclosed any statement of the defendant constituting a written waiver of these Constitutional Rights.[1]

For these reasons, defendant's statements must be suppressed on the following grounds:

1.  Defendant was interrogated, while in custody, after he asked to speak to a lawyer in violation of his Sixth Amendment right to counsel.

2.  Defendant was interrogated, while in custody, after he asserted his right to remain silent in violation of his Fifth Amendment rights.

---

[1] There can be no doubt that such a statement, if it existed, should have been disclosed. Fed. R. Crim. Rule 16(a) requires the government to disclose "any relevant written or recorded statements made by the defendant . . . that portion of any written record containing the substance of any relevant oral statement made by the defendant . . . [and] the substance of any other relevant oral statement made by the defendant . . . if the government intends to use that statement at trial." In this case, besides the report referred to above, the government has provided no further information regarding this statement including without limitation the circumstances of the statement, the location at which the statement was made, or copies of any notes or other documents reflecting this statement or any signed waivers of rights.

3.  Defendant did not knowingly, voluntarily, and intelligently waive his constitutional rights.

4.  The statements were not voluntary.

## REQUEST FOR EVIDENTIARY HEARING

Defendant requests an evidentiary hearing on this motion.

## REQUEST FOR POST-HEARING BRIEFING

Defendant further requests an opportunity to submit a post-hearing brief on the above issues and any other issues raised during the evidentiary hearing.

Respectfully submitted
By Defendant,
RICHARD W. GOULD
By his attorney,

/S/
Scott P. Lopez (BBO# 549556)
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA 02108
(617) 742-5700

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have previously conferred with counsel for the government, Assistant U.S. Attorney David G. Tobin, in a good faith attempt to resolve or narrow this issue in this motion.

/S/
Scott P. Lopez

## CERTIFICATE OF SERVICE

    I, Scott P. Lopez, hereby certify that on the 7th day of June, 2005, I served the within MOTION TO SUPPRESS by electronic and regular mail on the following counsel of record at the following address:

David G. Tobin  
Assistant United States Attorney  
United States Attorney  
District of Massachusetts  
One Courthouse Way, Suite 9200  
Boston, MA  02210  
617-748-3392  
David.Tobin@usdoj.gov  

                                                      /S/  
                                                 Scott P. Lopez