UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )<br>)<br>RICHARD W. GOULD )<br>) | CR. NO. 04-10248-RCL |

### AFFIDAVIT OF RICHARD W. GOULD'S IN SUPPORT
### OF HIS MOTION TO SUPPRESS ORAL STATEMENTS

I, Richard W. Gould, on oath depose and say of my own personal knowledge that:

1. I am the defendant in the above-captioned matter.

2. On June 30, 2004, at approximately 11:00 a.m., I was approached by a number of men who began to surround me.

3. Initially unaware of the fact that they were undercover police officers and fearful for my safety, I began to run away from them.

4. Shortly thereafter, after one of the officers identified himself as a police officer, I stopped running, submitted to his authority and was handcuffed.

5. After I was handcuffed, one of the officers started asking me questions. I immediately refused to answer any questions and said "I want to talk to a lawyer."

6. I do not remember whether I was informed of my so-called *Miranda*-rights at the scene of my arrest. I do not believe I was informed of my so-called *Miranda*-rights at DEA Headquarters.

7. However, I clearly recall asking to speak to a lawyer and asserting my right to remain silent by refusing to answer any questions the officers asked me about any alleged criminal activity on my part.

8. I have read Special Agent DiTullio's report dated July 19, 2004 wherein he claims that I made a number of oral statements to him. <u>See</u> Copy of the Report attached hereto. I did not make the statements that he attributes to me in his report.

9. In addition, when I was specifically asked to sign a document that I believed to be a waiver of my rights to remain silent and to speak to an attorney, I refused to sign the document.

10. However, when the officers asked me to sign a consent form to allow them to search my apartment in South Boston, I agreed to do so.

11. At no time did I knowingly, voluntarily, and intelligently waive my constitutional right to speak with counsel.

12. At no time did I knowingly, voluntarily, and intelligently waive my right to remain silent.

13. At no time did I make any voluntary statements regarding the circumstances of my arrest or any alleged criminal activity on my part.

14. At no time did I initiate any conversation with the officers who were asking me questions other than to ask to speak to a lawyer.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7TH DAY OF JUNE, 2005.

/S/
Richard W. Gould

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 3

| 1. Program Code | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|
| TDS-CC | ☒ | | ███████ | ███████ |
| 5. By: S/A David DiTullio At: Boston F.D.-Group 2 | ☐ ☐ ☐ ☐ | | 6 File Title ███████ | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | | 8. Date Prepared 07/09/2004 | |

9. Other Officers: DEA G/S Murphy, S/A's Roberto, Parker, D/I Sylvia, FDA S/A's Lombrado, Mangiacotti, Simonian, Thornton, PPD Det's Russell, Richards, Wlasuk & MSP Tpr Bruce.

10. Report Re: Arrest of Richard GOULD on 06-30-04 in Beverly, MA. Post arrest statements of GOULD on 06-30-04. Acquisition of Ex# N-37.

### DETAILS

1. (Reference is made to the DEA 6 by D/I Sylvia entitled Arrest of Christopher ALVITI on 06-29-2004 in Beverly, MA dated 07-02-04). On 06-29-04, Cooperating Defendant (CD) Christopher ALVITI identified Richard GOULD as his Source of Supply (SOS) for Oxycontin tablets. On 06-29-04 and 06-30-04, ALVITI placed consensually recorded telephone calls to GOULD in anticipation of a five-hundred (500) Oxycontin pill purchase from GOULD which would occur on 06-30-04.

2. In sum and substance, GOULD agreed to deliver five-hundred (500) Oxycontin tablets to ALVITI'S residence located at 5 Trask Lane, Beverly, MA. on the morning of 06-30-04. On 06-30-04, the above noted personnel established surveillance in the area of 5 Trask Lane, Beverly, MA. On 06-30-04, at approximately 11:15 a.m., the above noted personnel observed a Black Mercedes ML55 (MA. Reg 99NH11) arrive in the area of 5 Trask Lane. At this time, Det. Richards and S/A Mangiacotti observed GOULD exit the Mercedes and walk toward Building #5 on Trask Lane (ALVITI'S residence). At this time, the above noted personnel approached GOULD, identifying themselves as "Police" and attempted to place GOULD under arrest. GOULD attempted to flee the area on foot, but was apprehended by Det's Richards and Wlasuk without incident.

| 11. Distribution: Division Boston FD-Intelligence District Other  SARI | 12. Signature (Agent) S/A David M. DiTullio 14. Approved (Name and Title) Richard W. Guerard Group Supervisor, Group 2 | 13. Date 07-19-2004 15. Date 7-21-04 |
|---|---|---|

DEA Form - 6
(Jul. 1996)
dmduc.doc
1 - Prosecutor

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

0000000165

**U.S. Department of Justice**
**Drug Enforcement Administration**

# REPORT OF INVESTIGATION
*(Continuation)*

| 1. File No. | 2. G-DEP Identifier |
|---|---|
| [redacted] | [redacted] |

3. File Title: [redacted]

4. Page 2 of 3

5. Program Code: TDS-CC

6. Date Prepared: 07/09/2004

3. Subsequent to a search of the surrounding area, a zip lock bag containing five-hundred two (502) Oxycontin tablets was located by S/A Parker. Upon the arrest, GOULD was issued Miranda warnings by Det's Richards and Wlasuk. A short period thereafter, GOULD indicated that he wanted to speak to G/S Murphy and S/A DiTullio. At this time, GOULD admitted to G/S Murphy and S/A DiTullio that he was delivering five-hundred (500) Oxycontin tablets to ALVITI at his residence. At this time, GOULD was subsequently transported to DEA NEFD for processing.

4. Upon arrival at the NEFD, GOULD was read his Miranda warnings a second time by Det. Wlasuk as witnessed by S/A's DiTullio and Parker. GOULD indicated that he would talk about the attempted five-hundred (500) Oxycontin tablet delivery to ALVITI and also about his Source of Supply (SOS) for the Oxycontin tablets.

5. In sum and substance, GOULD stated that his Source of Supply (SOS) for Oxycontin was located in New Jersey. GOULD stated he could not provide the name of his Source of Supply (SOS) because of the close relationship he had with the individual who introduced him to his SOS. GOULD stated that he had been receiving approximately 500-1000 pills "every few weeks" from his SOS, who would send a delivery person to the Massachusetts area to meet with GOULD. The unidentified courier would deliver the Oxycontin to GOULD, pick up money from GOULD and subsequently deliver it to New Jersey. GOULD also stated that he would occasionally travel to Connecticut to meet with his Source of Supply (SOS) to pick up quantities of Oxycontin.

6. GOULD also stated that he would utilize pre-paid cellular telephones to conduct his Oxycontin distribution with his customers. GOULD indicated that he had been purchasing Oxycontin tablets from his Source of Supply (SOS) for approximately six (6) months. At this time, GOULD agreed to sign a DEA form 88 Consent to Search for his residence located at 240 East 8th St., South Boston, MA. GOULD was subsequently processed and transported to the U.S. Federal Courthouse, District of Massachusetts for his initial appearance.

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

1 – Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

0000000166



U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION (Continuation) | 1. File No. ▮ | 2. G-DEP Identifier ▮ |
|---|---|---|
| | 3. File Title ▮ | |
| 4. Page 3 of 3 | | |
| 5. Program Code  TDS-CC | 6. Date Prepared  07/09/2004 | |

### DESCRIPTION AND CUSTODY OF DRUG EVIDENCE

Ex# 15 is described as 502 small round green tablets marked 90/OC contained in a clear plastic baggie. On 06/30/04 Ex.15 was obtained by S/A Parker subsequent to a search of a wooded area behind Christopher ALVITI's residence located at 5 Trask Ct., Beverly, MA. On July 1, 2004 D/I Sylvia, S/A Lombardo, and S/A Parker processed and submitted Exhibit 15 to NERL via RMRR for analysis and safekeeping.

### DESCRIPTION AND CUSTODY OF NON-DRUG EVIDENCE

Ex# N-37 is described as 1 consent to search form signed by Richard GOULD for 240 East 8th St., 2nd Floor, Boston, MA on 06-30-04 as witnessed by S/A's Parker and DiTullio in Boston, MA. S/A DiTullio maintained custody and safekeeping of Ex N-37. On 07-06-04, S/A DiTullio processed the exhibit and maintained custody and safekeeping until such a time the exhibit was submitted to the non-drug evidence custodian at the NEFD.

### INDEXING

1. ALVITI, Christopher - ▮

2. GOULD, Richard - ▮
   DOB: ▮  SS# 0▮  ADDRESS: 240 East 8th St., Boston, MA,
   HAIR: Brown, EYES: Blue, HGT: 5'10", WGT: 210lbs., On 06-30-04 GOULD was placed under arrest without incident in Beverly, MA in possession of approximately 500 Oxycontin tablets.

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

0000000167