UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )   CR. NO.  04-10248-RCL
v.                                  )   CR. NO.  04-1814-CBS
                                    )
**RICHARD W. GOULD**                )
_____)

**DEFENDANT RICHARD W. GOULD'S
MOTION FOR PERMISSION TO TRAVEL**
_____

Defendant Richard W. Gould, by and through undersigned counsel, respectfully moves this Court to permit him to travel to Chicago, Illinois for the period commencing Friday, September 9, 2005 and ending Monday, September 12, 2005.  Specifically, Mr. Gould requests permission to travel to Chicago, Illinois so he can visit his girlfriend and her family.

FACTUAL AND PROCEDURAL BACKGROUND

Mr. Gould was arrested on June 30, 2004 on the charge of knowingly and intentionally possessing with the intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1).  Mr. Gould's arrest arose out of a sting operation orchestrated by the Drug Enforcement Administration, the U.S. Food and Drug Administration, the Peabody Police Department and a cooperating "witness" named Christopher Alviti.  Mr. Gould was arrested as he was allegedly delivering 500 oxycontin pills to Mr. Alviti on the morning of June 30, 2004.

Subsequently, on August 18, 2004, an Indictment was filed against Mr. Gould and Mr. Alviti charging Mr. Gould with conspiracy to possess with intent to distribute, and to distribute oxycodone (Count I) and possession with intent to distribute oxycodone (Count

VII). The Indictment also seeks a criminal forfeiture. Mr. Alviti (the government's cooperating witness) is also charged with one count of conspiracy to possess with intent to distribute, and to distribute oxycodone (Count I), and five (5) separate counts of distribution of oxycodone (Counts II-VI). The Indictment against Mr. Alviti also seeks a criminal forfeiture. On June 1, 2005, Mr. Alviti entered a plea of guilty to Counts I through VI of the Indictment. Mr. Alviti is scheduled to be sentenced on October 3, 2005.

Mr. Gould has never been convicted of any crime, and has no history of any physical or mental condition of any consequence. In addition, at the time of his arrest in this case, he was not on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence for any offense under Federal, State or local law.

On July 16, 2004, Mr. Gould appeared before the Court (Swartwood, J.) for a detention hearing. At that time, the Court released Mr. Gould subject to, *inter alia*, the following conditions:

(1) That Mr. Gould be placed in the custody of his father, Richard E. Gould;

(2) That he report to Pretrial Services as directed;

(3) That his parents, Richard and Eleanor Gould, execute an agreement to forfeit property in the amount $150,000 secured by the marital residence located at 10 Druid Avenue, Peabody, Massachusetts, in the event Mr. Gould failed to appear as required;

(4) That Mr. Gould provide the appropriate documentation to the Court to secure the property posted to ensure Mr. Gould's appearance;

(5) That Mr. Gould actively seek employment;

(6)  That he abide by travel restrictions limiting his travel to Massachusetts;

(7)  That Mr. Gould avoid contact with Christopher Alviti and any other witnesses named in the Complaint;

(8)  That Mr. Gould refrain from possessing a firearm, destructive device or other dangerous weapons;

(9)  That he refrain from excessive use of alcohol;

(10) That he refrain from use or unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner;

(11) That Mr. Gould submit to any method of testing required by the Pretrial Services Officer for determining whether Mr. Gould is using a prohibited substance;

(12) That he participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Services Officer; and

(13) That he comply with a curfew restricting him to his residence at 10 Druid Avenue, Peabody, Massachusetts between the hours of 9:00 P.M. and 6:00 A.M.

On November 9, 2004, Mr. Gould filed a Motion to Modify his Conditions of Release. Specifically, Mr. Gould requested the Court to eliminate the condition of a curfew so he would be able to take college courses in the evening after work. On November 12, 2004, the Court (Swartwood, J.) granted Mr. Gould's motion and vacated the curfew condition.

Upon information and belief, since July 16, 2004, Mr. Gould has complied with each and every condition of release to the complete satisfaction of his Pretrial Services Officer. Also, this past Spring, Mr. Gould completed two college courses and received above average grades in both courses.

## REQUEST TO TRAVEL TO CHICAGO, ILLINOIS

Prior to his arrest, Mr. Gould was involved in a romantic relationship with a young lady who lives in Chicago, Illinois. Prior to his arrest, Mr. Gould traveled to Chicago on a regular basis to visit his girlfriend and her family.

Since his arrest, Mr. Gould has continued what is now a four and one-half (4.5) year relationship with this young lady. However, since his arrest, Mr. Gould has not been able to visit her and her family because his travel is restricted to Massachusetts.

Mr. Gould is only requesting permission to travel to Chicago, Illinois for the weekend commencing Friday, September 9, 2005. He plans to return on Monday, September 12, 2005.

In support of this request to travel, Mr. Gould submits, by and through undersigned counsel, the following:

1.   Since July 16, 2004, Mr. Gould has demonstrated to Pretrial Services and this Court that he is willing and able to comply with his conditions of release.

2.   Allowing Mr. Gould to travel to Chicago, Illinois will permit him to visit with his girlfriend and her family, something he has been unable to do during the past year.

3.   Allowing Mr. Gould to travel to Chicago, Illinois will also permit him to demonstrate to this Court that he can be trusted to comply with travel conditions.

4. Mr. Gould's current Pretrial Services Officer, Thomas M. O'Brien, has indicated to undersigned counsel that he is in favor of allowing Mr. Gould to travel to Chicago, Illinois to visit with his girlfriend and her family.

5. Indeed, Mr. Gould has already made the appropriate arrangements with Mr. O'Brien concerning his itinerary, contact information and requisite notifications in the event the Court grants this motion.

6. Finally, Assistant United States Attorney, David G. Tobin, does not object to Mr. Gould's request.

WHEREFORE, defendant Richard W. Gould respectfully requests the Court to permit him to travel to Chicago, Illinois for the period commencing Friday, September 9, 2005 and ending Monday, September 12, 2005.

> Respectfully submitted
> By Defendant,
> RICHARD W. GOULD
> By his attorneys,
>
>    /s/ Scott P. Lopez
> Scott P. Lopez (BBO# 549556)
> Law Office of Scott P. Lopez
> 24 School Street, 8th Floor
> Boston, MA  02108
> (617) 742-5700
> lopez@lopezlaw.com

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with counsel for the government, Assistant U.S. Attorney David G. Tobin by telephone today, August 25, 2005, in a good faith attempt to resolve or narrow this issue in this motion.

>    /s/ Scott P. Lopez
> Scott P. Lopez

CERTIFICATE OF SERVICE

    I, Scott P. Lopez, hereby certify that on this 25th day of August, 2005, I served the within DEFENDANT RICHARD W. GOULD'S MOTION FOR PERMISSION TO TRAVEL by electronic and regular mail on the following counsel of record at the following address:

David G. Tobin
Assistant United States Attorney
United States Attorney
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3392
David.Tobin@usdoj.gov


    /s/  Scott P. Lopez
    Scott P. Lopez