UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10248-RCL |
| | ) | |
| RICHARD GOULD | ) | |
| | ) | |

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND GOVERNMENT'S REQUEST FOR A PRETRIAL RULING ON VOLUNTARINESS

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby a supplemental response to the defendant's motion to suppress statements. During argument on defendant's motion, the Court raised the issue of whether it could properly rule on the motion because the defendant denied ever making the statements attribute to him by government witnesses. The government respectfully submits that the defendant cannot move to suppress statements that he asserts he never made. In the absence of an admission that he made statements, the defendant cannot claim a Fifth Amendment violation. The Court need not exercise its fact-finding authority with regard to whether <u>Miranda</u> warnings were properly given or whether the defendant was subjected to coercive treatment because, according to the defendant's assertions in both his affidavit and testimony, neither resulted in him making any statements.

Defense counsel's concern that the government will be free to put statements alleged to have been made by the defendant

before the jury without judicial scrutiny is unfounded.  In Jackson v. Denno, 378 U.S. 368, 395-96 (1964), the Supreme Court held, "It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence."  The First Circuit noted, "In Jackson, the Court held that a determination of voluntariness must be made by the trial judge out of the presence of the jury before the content of the accused's confession may be revealed to the jury.  In this way, an involuntary confession would be recognized prior to reaching the jury, thereby preserving the defendant's right to a fair trial."  United States v. Santiago Soto, 871 F.2d 200,201 (1st Cir.1989).

Although the defendant's motion to suppress is improper and should not be ruled on by the Court, the United States respectfully requests that this Honorable Court make findings as to the voluntariness of the defendant's statements.  Although the Court could fulfill its obligations under Denno by waiting until the government offered trial evidence as to the circumstances surrounding the taking of the defendant's statements, such a course is inadvisable.  A pretrial ruling on voluntariness enables the parties to more fully prepare for trial and avoid making reference to inadmissible evidence in opening statements.

**Conclusion**

For the reasons stated above, the United States believes it is appropriate for the Court to take no action of the defendant's motion to suppress. The United States respectfully asks the Court for a pretrial ruling on the voluntariness of the defendant's statements. Such a ruling is consistent with the obligation, as set out in <u>Jackson v. Denno</u>, that Trial Courts make a determination of voluntariness before a jury is permitted to receive evidence of statements made by a defendant.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                    By: <u>/s/ : *David G. Tobin*</u>
                         DAVID G. TOBIN
                         Assistant U.S. Attorney