UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>RICHARD W. GOULD    )<br>_____) | CR. NO. 04-10248-RCL |

POST-HEARING MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT RICHARD W. GOULD'S
MOTION TO SUPPRESS ORAL STATEMENTS

Defendant Richard W. Gould (hereinafter "Gould"), respectfully submits, by and through undersigned counsel, that he was entitled to the evidentiary hearing the Court granted <u>and</u> he is entitled to a ruling on the issues he raised in his Motion to Suppress even though he denies making the statements that have been attributed to him by the government's witnesses.

Indeed, defendant submits that the issue raised *sua sponte* by this Court has been settled law since 1948 (before *Miranda*) when the Supreme Court of the United States held in *Lee v. Mississippi*, 332 U.S. 742, 745-46, 68 S.Ct. 300, 92 L.Ed. 330 (1948), that a defendant may attack a statement as involuntary even though he denies having made the statement. *See* Copy of *Lee* case attached hereto as Exhibit A; *see also, United States v. Oliver*, 142 F.Supp.2d 1047, 1050 (N.D. Ill. 2001)(applying the holding in *Lee* in a *Miranda* waiver context).

The specific question answered by the Court in *Lee* was: "Does a defendant in a state court proceeding lose the right to contend that a confession was coerced because of his testimony that the confession was in fact never made?" Id. at 742-43. The Supreme

Court reversed the Mississippi Supreme Court's judgment below and held that: "[I]nconsistent testimony as to the confession should not and cannot preclude the accused from raising the due process issue in an appropriate manner." Id. at 745. The Supreme Court further reasoned that "Indeed, such a foreclosure of the right to complain 'of a wrong so fundamental that it made the whole proceeding a mere pretense of a trial and rendered the conviction and sentence wholly void' (quotation omitted) would itself be a denial of due process of law." Id. at 745-46.

Subsequently, the Lee holding has been applied to a hearing on the validity of a defendant's alleged Miranda waiver. Specifically, in United States v. Oliver, 142 F.Supp.2d at 1050, United States District Judge Kennelly rejected the government's claim that the defendant was not entitled to a hearing on the voluntariness of her statements or the validity of her Miranda waiver because she denied that she made any incriminating statements. See Copy of Oliver case attached hereto as Exhibit B. Judge Kennelly held:

> The Court disagrees. It has been the law since at least Lee v. Mississippi (citation omitted), that a defendant may attack a statement as involuntary even while denying having made the statement. We see no reason why a different rule should apply in the Miranda waiver context. Id.

At least two other state appellate courts have reached the same result. See People v. Wilson, 66 Ill. App.3d 330, 335, 384 N.E.2d 14, 17, 23 Ill. Dec. 378, 381 (1979); Kelly v. Mississippi, 414 So.2d 446, 448-49 (1982); see also United States ex. rel. Reid v. Lane, 1988 WL 9018 (N.D. Ill. 1988)(noting that an accused is entitled to both deny a statement and allege it was improperly obtained citing Lee v. Mississippi.).

Finally, given that a defendant is entitled to deny a statement and allege that it was improperly attained, it is also clear that a pretrial or preliminary determination should

2

be made so the defendant is not required to undertake the substantial risk that a trier of fact, as a consequence of his inconsistent positions, believes neither. *Reid supra* at 9018*1. Indeed, this credibility issue was one of the risks recognized by the United States Supreme Court in *Jackson v. Denno*[1], 378 U.S. 368, 84 S.CT. 1774, 12 L.Ed.2d 908 (1964) and utilized as a justification for its holding that a jury should not hear a confession unless and until the trial judge has determined in a preliminary hearing, out of the presence of the jury, that the confession was freely and voluntarily given. *Id.* at 378 U.S. at 383.

In summary, the question the Court raised is a procedural due process issue that has been consistently decided by the courts for many years. Accordingly, Mr. Gould was entitled to the evidentiary hearing the Court granted and he is entitled to a ruling on the issues he raised in his Motion to Suppress even though he denies making the statements that have been attributed to him by the government's witnesses.

        Respectfully submitted
        By Defendant,
        RICHARD W. GOULD
        By his attorney,

        /S/
        Scott P. Lopez (BBO# 549556)
        Law Office of Scott P. Lopez
        24 School Street, 8th Floor
        Boston, MA 02108
        (617) 742-5700

Dated: December 15, 2005

---

[1] Defendant notes that *Jackson v. Denno* did not answer the specific issue raised by the Court. However, the rationale for the Court's decision in the case supports defendant's position that a preliminary ruling on his alleged *Miranda* waiver should be decided by the Court prior to trial.

## CERTIFICATE OF SERVICE

    I, Scott P. Lopez, hereby certify that on the 15th day of December 2005, I served the within POST-HEARING MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RICHARD W. GOULD'S MOTION TO SUPPRESS ORAL STATEMENTS by electronic mail on the following counsel of record at the following address:

David G. Tobin
Assistant United States Attorney
United States Attorney
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3392
David.Tobin@usdoj.gov

                                                /S/
                                    Scott P. Lopez

# EXHIBIT "A"



68 S.Ct. 300
332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330
(Cite as: 332 U.S. 742, 68 S.Ct. 300)

Page 1

**H**

Supreme Court of the United States
LEE
v.
STATE OF MISSISSIPPI.
No. 91.

Argued Nov. 21, 1947.
Decided Jan. 19, 1948.
Mandate Conformed to April 12, 1948.

See 34 So.2d 736.

Albert Lee was convicted on charge of assault with intent to ravish a female of previous chaste character. Judgment of conviction was affirmed by Mississippi Supreme Court, 29 So.2d 211, in which suggestion of error was overruled, 30 So.2d 74, and defendant brings certiorari.

Reversed and remanded.

On Writ of Certiorari to the Supreme Court of the State of Mississippi.

West Headnotes

[1] Constitutional Law 92 266.1(1)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k266.1 Confessions, Statements, and Admissions
                92k266.1(1) k. In General. Most Cited Cases
        (Formerly 92k266)
The due process of law clause of the Fourteenth Amendment invalidates a state court conviction grounded in whole or in part upon a confession which is the product of other than reasoned and voluntary choice. U.S.C.A.Const. Amend. 14.

[2] Criminal Law 110 899

110 Criminal Law
    110XX Trial
        110XX(L) Waiver and Correction of Irregularities and Errors
            110k899 k. Rulings as to Admissibility of Evidence. Most Cited Cases
A defendant in state criminal proceeding did not lose right to contend that oral confession was coerced because of his testimony that confession was in fact never made. U.S.C.A. Const.Amend. 14.

**300 *742 Mr. Forrest B. Jackson, of Jackson, Miss., for petitioner.
Mr. Richard Olney Arrington, of Jackson, Miss., for respondent.

Mr. Justice MURPHY delivered the opinion of the Court.
This case involves a question of procedure under the due process clause of the Fourteenth Amendment of the United States Constitution. Does a defendant in a *743 state criminal proceeding lose the right to contend that a confession was coerced because of his testimony that the confession was in fact never made?

Petitioner, a 17-year-old Negro, was indicted by a grand jury in Mississippi on a charge of assault with intent to ravish a female of previous chaste character. During the course of the trial, the state offered the testimony of two city detectives as to an alleged oral confession obtained by them from petitioner. Objection was made that this confession had been secured as the result of duress, threats and violence inflicted upon petitioner by two unidentified police officers several hours prior to the confession. The jury retired and a preliminary hearing was held before the trial judge as to the voluntariness of this confession. After various witnesses appeared, including the petitioner himself, the judge concluded that the confession was voluntary and that the testimony in relation thereto was admissible. This testimony proved to be the crucial element leading to the jury's conviction of petitioner. His sentence was fixed at 18 years in prison.

The Mississippi Supreme Court affirmed the conviction on appeal, rejecting petitioner's contention that the introduction of the testimony in question contravened his rights under the Fourteenth Amendment. It stated that the conduct of the two unidentified officers alleged to have struck and threatened petitioner was, if true, indefensible and warranted condemnation. But it felt that 'the issue of fact as well as credibility was for the trial judge upon

68 S.Ct. 300
332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330
(Cite as: 332 U.S. 742, 68 S.Ct. 300)

Page 2

such preliminary qualification, and we are not willing to disturb his conclusion.' Miss., 29 So.2d 211, 212. This constitutional contention was **301 treated quite differently by the court on the filing of a suggestion of error. It found that petitioner's testimony at the preliminary hearing that he had been threatened prior to making the *744 confession was entirely undisputed in the record. But it also found that petitioner had steadfastly testified, both at the preliminary hearing and at the trial on the merits before the jury, that he did not in fact admit to the city detectives that he had committed the crime. The court then stated: 'If the accused had not denied having made any confession at all, we would feel constrained to reverse the conviction herein becaue of the fact that his testimony as to the threat made to him during the forenoon by the plain clothes men is wholly undisputed, the jailer not having been asked about this threat, and having testified only that he was not struck by anyone in his presence after his arrest for this crime. But, we think that one accused of crime cannot be heard to say that he did not make a confession at all, and at the same time contend that an alleged confession was made under the inducement of fear.' Miss., 30 So.2d 74, 75. The suggestion of error was accordingly overruled.

The incomplete record before us precludes our determination of whether petitioner did deny in the trial court that he had confessed the crime. [FN1] But assuming that he did so testify, we cannot agree with the court below that he was thereby estopped from asserting his constitutional right to due process of law. The important fact is that the oral confession was introduced, admitted and used as evidence of petitioner's guilt. Not *745 only may this confession have been influential in inducing the jury's verdict, but it formed an essential part of the evidentiary basis of the conviction now under review. His alleged denial of the confession went only to the original issue of whether he actually made the confession, an issue that is no longer open. That question was at most a disputed one; but the jury resolved the matter against petitioner and, like the court below, we accept that determination. The sole concern now is with the validity of the conviction based upon the use of the oral confession.

FN1 The transcript of the trial on the merits is not before us. At the preliminary hearing on the voluntariness of the confession, the transcript of which is before us, petitioner stated in regard to the alleged confession: 'I don't know what all he asked and all I said, but I didn't admit I did it.' He also denied having confessed various details of the crime. Such testimony, however, might be construed as nothing more than a layman's inexact way of stating that his answers did not amount to a voluntary confession. But in the absence of the complete record, we express no opinion on the matter.

[1] [2] The due process clause of the Fourteenth Amendment invalidates a state court conviction grounded in whole or in part upon a confession which is the product of other than reasoned and voluntary choice. [FN2] A conviction resulting from such use of a coerced confession, however, is no less void because the accused testified at some point in the proceeding that he had never in fact confessed, voluntarily or involuntarily. Testimony of that nature can hardly regalize a procedure which conflicts with the accepted principles of due process. **302 And since our constitutional system permits a conviction to be sanctioned only if in conformity with those principles, inconsistent testimony as to the confession should not and cannot preclude the accused from raising the due process issue in an appropriate manner. White v. State of Texas, 310 U.S. 530, 531, 532, 60 S.Ct. 1032, 1033, 84 L.Ed. 1342. Indeed, such a foreclosure of the right to complain of a *746 wrong so fundamental that it made the whole proceeding a mere pretense of a trial and rendered the conviction and sentence wholly void,' Brown v. State of Mississippi, 297 U.S. 278, 286, 56 S.Ct. 461, 465, 80 L.Ed. 682, would itself be a denial of due process of law.

FN2 Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Canty v. State of Alabama, 309 U.S. 629, 60 S.Ct. 612, 84 L.Ed. 988; White v. State of Texas, 309 U.S. 631, 60 S.Ct. 706, 84 L.Ed. 989; Id., 310 U.S. 530, 60 S.Ct. 1032, 84 L.Ed. 1342; Lomax v. State of Texas, 313 U.S. 544, 61 S.Ct. 956, 85 L.Ed. 1511; Vernon v. State of Alabama, 313 U.S. 547, 61 S.Ct. 1092, 85 L.Ed. 1513; Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Ward v. State of Texas, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663; Ashcraft v. State of Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192; Id., 327 U.S. 274, 66 S.Ct. 544, 90 L.Ed. 667; Lyons v. State of Oklahoma, 322 U.S. 596, 64 S.Ct. 1208,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

68 S.Ct. 300  
332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330  
(Cite as: 332 U.S. 742, 68 S.Ct. 300)

Page 3

88 L.Ed. 1481; Malinski v. People of State of New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302. See, in general, Boskey and Pickering, 'Federal Restrictions on State Criminal Procedure,' 13 U. of Chi. L. Rev. 266, 282-295.

The judgment below must be reversed. Since the Mississippi Supreme Court upheld the conviction solely because it thought petitioner was not entitled to raise the constitutional issue, we remand the case to that court so that it may definitively express its views on that issue.

Reversed.

U.S. 1948.  
Lee v. State of Miss.  
332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "B"



142 F.Supp.2d 1047                                                                                                              Page 1
142 F.Supp.2d 1047
(Cite as: 142 F.Supp.2d 1047)

C

United States District Court,
N.D. Illinois,
Eastern Division.
UNITED STATES of America
v.
Diane OLIVER.
No. 99 CR 889.

April 19, 2001.

Defendant charged with two counts of distributing illegal drugs moved to suppress incriminating statements made to law enforcement authorities and requested evidentiary hearing on her motion. The District Court, Kennelly, J., held that it could not determine whether defendant's confession and waiver of *Miranda* rights had been made voluntarily.

Motion for evidentiary hearing granted.

West Headnotes

[1] Criminal Law 412.1(1)
110k412.1(1) Most Cited Cases
A defendant may attack a statement as involuntary even while denying having made the statement.

[2] Criminal Law 414
110k414 Most Cited Cases
Defendant seeking evidentiary hearing on voluntariness of her statements to law enforcement agents and of validity of her *Miranda* waiver need not provide an affidavit supporting her claims; all that is required is that defendant set out in detail grounds for relief and show that there is real dispute over material facts.

[3] Criminal Law 532(.5)
110k532(.5) Most Cited Cases
To obtain a hearing on a motion to suppress a confession, defendant must present definite, specific, detailed, and nonconjectural facts that would justify suppression.

[4] Criminal Law 394.5(4)
110k394.5(4) Most Cited Cases

[4] Criminal Law 394.6(4)
110k394.6(4) Most Cited Cases

Because the government bears the ultimate burden of persuasion on most motions to suppress, there is no requirement that the defendant testify or even put on any affirmative evidence in order to prevail.

[5] Criminal Law 394.6(1)
110k394.6(1) Most Cited Cases
Court should not unduly restrict defendants from challenging appropriateness of government investigative actions; motions to suppress evidence provide an important check on law enforcement.

[6] Criminal Law 414
110k414 Most Cited Cases
Defendant was entitled to evidentiary hearing as to whether her statement to law enforcement authorities had been made involuntarily, where combination of her low intelligence and susceptibility to suggestion, use of trickery to get her into interrogation room with several law enforcement agents, extended confrontational questioning, and her claim that agents threatened her with drastic penalties might have been enough to render her resulting confession involuntary.

[7] Criminal Law 519(1)
110k519(1) Most Cited Cases

[7] Criminal Law 531(3)
110k531(3) Most Cited Cases
A confession is deemed voluntary if the government proves by a preponderance of the evidence that it was not obtained through psychological or physical intimidation but instead was the product of a rational intellect and free will.

[8] Criminal Law 522(1)
110k522(1) Most Cited Cases
Police coercion is a prerequisite to a finding that a confession was made involuntarily, and crucial question is whether defendant's will was overborne at the time and the statement obtained through coercive means; coercion is determined from perspective of a reasonable person in defendant's position, taking into consideration characteristics of the accused and details of the interrogation, to determine whether a reasonable person would have felt coerced.

[9] Criminal Law 412.1(1)
110k412.1(1) Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

142 F.Supp.2d 1047                                                                                              Page 2
142 F.Supp.2d 1047
(Cite as: 142 F.Supp.2d 1047)

A non-custodial statement can be involuntary in appropriate circumstances.

**[10] Criminal Law** ⚖️414
110k414 Most Cited Cases
Court could not determine whether defendant had been in custody at time she allegedly made incriminating statements to law enforcement authorities, and so evidentiary hearing was necessary to determine whether she validly waived her *Miranda* rights, where circumstances of her statement included fact that she was enticed to site of interrogation via deception, a number of agents were involved, her friend was not permitted to accompany her, and questioning was lengthy and allegedly accusatory in nature.

**[11] Criminal Law** ⚖️412.2(3)
110k412.2(3) Most Cited Cases
*Miranda* applies only to custodial interrogation.

**[12] Criminal Law** ⚖️412.2(2)
110k412.2(2) Most Cited Cases
A suspect is considered to be "in custody" for purposes of *Miranda* if a reasonable person in her position would not have felt free to leave.

**[13] Criminal Law** ⚖️412.2(5)
110k412.2(5) Most Cited Cases
Waiver of a defendant's *Miranda* rights is valid if made voluntarily, knowingly, and intelligently; the validity of a suspect's waiver depends upon the particular facts and circumstances of the case, including the defendant's background, experience, and conduct.
*1048 Madeleine Sullivan Murphy, U.S. Attorney's Office, Chicago, IL, for U.S.

Brian Douglas Sieve, Michael Slade, Kirkland & Ellis, Chicago, IL, James D. Tunick, Law Offices of James D. Tunick, Chicago, IL, for Diane Oliver.

*MEMORANDUM OPINION AND ORDER*

KENNELLY, District Judge.

Diane Oliver is charged with two counts of distributing a mixture containing cocaine base in May and June 1977, in violation of 21 U.S.C. § 841(a)(1). On June 29, 1997, she made incriminating statements to law enforcement authorities. She has moved to suppress those statements on the grounds that they were obtained involuntarily, or alternatively that she did not knowingly and voluntarily waive her rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Oliver has requested an evidentiary hearing on her motion; the government argues that no hearing should be held. For the reasons that follow, the Court has decided to hold an evidentiary hearing.

Facts
Oliver was arrested as part of an investigation of narcotics dealing in the LeClaire Courts public housing project conducted jointly by agents of the Bureau of Alcohol, Tobacco and Firearms; the Department of Housing and Urban Development's Office of Inspector General; and the Chicago Housing Authority Police Department. At the time she was questioned by the agents, Oliver was 37 years old. A clinical psychologist who examined Oliver at the request of defense counsel has submitted a report stating that Oliver has an IQ of 67, which puts her in the lowest 1% of women in her age range and indicating that she is mildly mentally retarded. The psychologist stated that Oliver's score on the verbal comprehension scale of the IQ test indicates "extreme impairment in the area of *1049 verbal comprehension" and that she is more susceptible to suggestion than most people. IQ testing performed by a clinical psychologist who examined Oliver at the request of government counsel produced similar results.

According to the report of an ATF agent, Oliver was tricked by the authorities into coming to OIG's office in downtown Chicago. In her motion, Oliver says she received by mail a notice from HUD stating that she had been recognized as a recipient of public assistance who consistently paid her bills and was therefore eligible for government assistance toward the purchase of a home. She was asked to come to HUD's downtown office on June 29, 1998 to meet with HUD officials and complete the relevant application materials. Oliver's motion states that she went to the HUD office with a male friend and eventually was directed to an upstairs room where she was supposed to fill out the application forms; her male friend was told he could not accompany her.

In her motion, Oliver states that after she arrived at the room, officials presented her with forms to sign; she assumed they were the housing application forms and signed them without reading them. After she signed the forms, the officials (she claims there were several of them in the room) said they were law enforcement agents and accused her of participating in drug dealing. The ATF agent's report confirms the latter point; the report goes on to state that the agents

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

142 F.Supp.2d 1047
142 F.Supp.2d 1047
(Cite as: 142 F.Supp.2d 1047)

Page 3

told Oliver that the deals were recorded on tape and proceeded to play the tapes for her. In the report, the agent states that Oliver was next presented with, and signed, forms in which she acknowledged awareness of her rights and agreed to waive those rights and speak with the agents. It has submitted copies of the forms, bearing what appears to be Oliver's signature. In her interview with the psychologist, Oliver claimed that she signed no such documents and that she was never told what her rights were. She appears to be claiming that what she believed were the housing application forms actually may have been the rights waiver forms.

Oliver, who had never before been arrested, states in her motion that she was told by the agents that they wanted her to "cooperate" against a known drug dealer and that if she did not do so, she would go to prison for 15 years. The defense psychologist's report relates that in his interview with Oliver, she reported that she was questioned in a confrontational manner and was threatened with immediate jailing and a 15-year prison term if she did not cooperate with the agents. In her motion, Oliver suggests that a 15-year sentence was far greater than what she actually would receive if convicted; in other words, she appears to contend that the agents made a false threat to get her to confess.

The ATF agent reports that Oliver admitted her involvement in narcotics dealing. In her interview with the government's psychologist, however, Oliver denied making any incriminating admissions. The report of the psychologist retained by defense counsel does not directly address this issue but does suggest that Oliver denied making a confession--the report says that Oliver told the psychologist that the agents "would never accept her answers" to their questions.

### Discussion

The government argues that no hearing should be held, for two reasons. First, it argues that Oliver is not entitled to a hearing because she denies making the statement attributed to her and because she has not supported the claims in her motion with an affidavit. Second, it contends *1050 that Oliver's allegations, even if proved, are insufficient as a matter of law to warrant suppression of her statements. The Court disagrees with the government on both counts.

A. Adequacy of support for Oliver's motion

1. Oliver's denial that she made a confession

[1] The government argues that Oliver is not entitled to a hearing on the voluntariness of her statements or the validity of her *Miranda* waiver because she denies that she made any incriminating statements. The Court disagrees. It has been the law since at least *Lee v. Mississippi*, 332 U.S. 742, 745-46, 68 S.Ct. 300, 92 L.Ed. 330 (1948), that a defendant may attack a statement as involuntary even while denying having made the statement. We see no reason why a different rule should apply in the *Miranda* waiver context.

2. Absence of supporting affidavit

[2][3] To obtain a hearing on a motion to suppress a confession, a defendant must present "definite, specific, detailed, and nonconjectural facts" that would justify suppression. *See, e.g., United States v. Randle*, 966 F.2d 1209, 1211 (7th Cir.1992). The government contends that Oliver's motion should be denied without a hearing because she has failed to provide an affidavit supporting her claims. The Court disagrees.

[4] Because the government bears the ultimate burden of persuasion on most motions to suppress, there is no requirement that the defendant testify or even put on any affirmative evidence in order to prevail; often the defendant's case for suppression consists of an attempt to establish the relevant facts through the officer's testimony and/or an attack on the officer's credibility. If a defendant need not testify to prevail on a motion to suppress, why should she be required to submit her own affidavit simply to get a hearing on such a motion?

[5] Disputes over whether a defendant should be required to submit an affidavit in order to get a hearing on a motion to suppress often involve an unstated subtext. The prosecution wants to limit the defense's opportunity to question its agents; if the defense is going to get that opportunity, the prosecution wants to make sure the defendant is pinned down to a story, hopefully one that it can prove is false, thus subjecting the defendant to a possible "obstruction of justice" enhancement at sentencing. *See* U.S.S.G. § 3C1.1 The defense wants to avoid the latter, and it does not want the defendant to have to commit to a particular story before all the facts are on the table-- which, in many or most criminal cases, does not happen until trial or just before trial due to the limited discovery opportunities available to defendants in federal court. The court has different concerns. We should not unduly restrict defendants from challenging the appropriateness of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

142 F.Supp.2d 1047                                                                                                                Page 4
142 F.Supp.2d 1047
(Cite as: 142 F.Supp.2d 1047)

government investigative actions; motions to suppress evidence provide an important check on law enforcement. At the same time, courts have a legitimate need to preserve scarce resources--in this context, in-court time.

Even without requiring an affidavit from the defendant, however, *Randle* permits a district court to cull out those motions to suppress that do not merit an evidentiary hearing. Some motions fall short of the mark even if everything they allege is true; there is no reason to hold a hearing in such a case. Some motions raise legal issues, not factual ones (for example, whether a particular set of facts justified a stop or arrest); an evidentiary hearing *1051 likewise is unneeded in those cases. Some motions are so sketchy or bare-bones that it is apparent that they are made without any substantial basis but rather in the hope of striking pay dirt somewhere or for use as a discovery tool; denial of a hearing is likewise appropriate in these cases. The motions that survive *Randle* scrutiny are unlikely to be so numerous as to overwhelm the court, or so lacking in merit as to unnecessarily waste judicial resources.

*Randle* requires a submission by the defendant that shows that there is a genuine basis for granting the relief sought and real factual issues that warrant an evidentiary hearing. An affidavit is not the only way to make such a showing; the Seventh Circuit has never held that submission of an affidavit by the defendant is the only way to clear the threshold necessary to obtain a hearing. There is nothing in *Randle* or its Seventh Circuit progeny that requires anything more than a sufficiently detailed written motion.

For these reasons, the Court declines to engraft a defendant-affidavit requirement onto *Randle*. So long as the defendant sets out in detail the grounds for relief and shows that there is a real dispute over material facts, she should get an evidentiary hearing.

B. Sufficiency of Oliver's allegations

1. Voluntariness of statement

[6][7][8][9] A confession is deemed voluntary if the government proves by a preponderance of the evidence that it was not obtained through psychological or physical intimidation but instead was the product of a rational intellect and free will. *See, e.g., United States v. Montgomery*, 14 F.3d 1189, 1194 (7th Cir.1994). Police coercion is a prerequisite to a finding that a confession was made involuntarily.

[FN1] *Colorado v. Connelly*, 479 U.S. 157, 163-64, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). "The crucial question is whether the defendant's will was overborne at the time [s]he confessed, and the answer lies in whether the authorities obtained the statement through coercive means." *Montgomery*, 14 F.3d at 1194 (citations and internal quotations omitted). Coercion is determined from the perspective of a reasonable person in the defendant's position; a court considers the characteristics of the accused and the details of the interrogation and determines whether a reasonable person would have felt coerced. *Id.* (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).

> FN1. The government argues that Oliver has failed to set forth facts sufficient to indicate that she was in custody at the time she made her statements. But even a non-custodial statement can be involuntary in appropriate circumstances. *United States v. Haddon*, 927 F.2d 942, 946 (7th Cir.1991).

None of the circumstances cited by Oliver would be sufficient by itself to render her statement involuntary. See *Connelly*, 479 U.S. at 164, 107 S.Ct. 515 (defendant's impaired mental state does not render statement involuntary); *United States v. Kontny*, 238 F.3d 815, 817 (7th Cir.2001) (trickery does not render confession inadmissible absent threats or promises by government agents); *United States v. Sablotny*, 21 F.3d 747, 750 (7th Cir.1994) (refusal of adult's request to confer with relative did not render confession involuntary); *United States v. Hocking*, 860 F.2d 769, 775 (7th Cir.1988) (accusatory questioning not in itself coercive); *United States v. Braxton*, 112 F.3d 777, 782 (4th Cir.1997) (truthful statements about sentence suspect faces do not render statement involuntary). However, it is at least conceivable that the combination of Oliver's low intelligence and apparent susceptibility *1052 to suggestion; the admitted use of trickery to get her into an interrogation room with several law enforcement agents; extended confrontational questioning; and Oliver's claim that the agents threatened her with drastic penalties that they could not deliver--immediate jailing and a fifteen year prison term--might be enough to render her resulting confession involuntary. At this point, the Court cannot conclude that these circumstances fall short of what is necessary to require a hearing.

2. Validity of waiver of rights

[10][11][12] Oliver also contends that she was not

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

142 F.Supp.2d 1047
142 F.Supp.2d 1047
(Cite as: 142 F.Supp.2d 1047)

Page 5

read her rights as required by *Miranda v. Arizona* and that her purported waiver of her rights is invalid. *Miranda* applies only to custodial interrogation, *see Beckwith v. United States,* 425 U.S. 341, 345-47, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976); the government argues that Oliver has failed to provide facts sufficient to indicate that she was in custody when she was questioned by the agents. A suspect is considered to be in custody for purposes of *Miranda* if a reasonable person in her position would not have felt free to leave. *See Stansbury v. California,* 511 U.S. 318, 323-25, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994); *United States v. Madoch,* 149 F.3d 596, 601 (7th Cir.1998). The totality of the circumstances--including the fact that she was enticed to the site via deception, the number of agents involved, the fact that Oliver's friend was not permitted to accompany her, the length of the questioning, and its allegedly accusatory nature--is sufficient to raise a genuine issue of fact on this score. The Court cannot determine whether Oliver was in custody without holding an evidentiary hearing.

[13] A waiver of the defendant's *Miranda* rights is valid if it was made voluntarily, knowingly, and intelligently. *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602; *United States v. Huerta,* 239 F.3d 865, 873 (7th Cir.2001). The validity of a suspect's waiver depends upon the particular facts and circumstances of the case, *see Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and the factors considered include the suspect's background, experience, and conduct. *Huerta,* 239 F.3d at 873. The same factors that we have reviewed with regard to the voluntariness issue, combined with Oliver's claim that her rights were not read to her and the suggestion in her motion that her written waiver was obtained via a fast shuffle of papers whose import she did not grasp, might conceivably be enough to preclude a finding that she knowingly and voluntarily waived her right to remain silent. Final resolution of these matters must await a hearing.

## Conclusion

For the reasons stated above, the Court concludes that defendant is entitled to an evidentiary hearing on her motion to suppress statements.

142 F.Supp.2d 1047

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.