UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD GOULD, )<br>       Petitioner  )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>       Respondent  ) | CIVIL ACTION<br>NO.  07-11745-RCL |

MEMORANDUM AND ORDER

YOUNG, D.J.
September 29, 2009

## I.   INTRODUCTION

Richard Gould ("Gould") moves under 28 U.S.C. § 2255 to vacate his sentence and permit a conditional change of plea under Fed. R. Crim. P. 11(e).[1]  Gould is currently serving a ten year sentence, followed by five years of supervised release, for two convictions relating to the possession and distribution of OxyContin pills.  Gould seeks restoration of his appellate rights under Fed. R. Crim. P. 11(a)(2) in order to appeal Judge Lindsay's denial of his motion to suppress post-arrest statements attributed to him.  He alleges that his attorney, Scott P. Lopez ("Attorney Lopez"), provided ineffective assistance of counsel by failing to inform him that Fed. R. Crim. P. 11(a)(2) allows a

---

[1] Gould asks this Court to permit a change of plea under Fed. R. Crim. P. 11(a)(2).  (Pet'r Mot. at 14.)  A more accurate description of his motion is that Gould is asking this Court to set aside his guilty plea by collateral attack under Fed. R. Crim. P. 11(e) so that he may enter a conditional guilty plea under Fed. R. Crim. 11(a)(2).

1

defendant to enter a conditional guilty plea preserving his right to appeal "an adverse determination of a specified pretrial motion." By later entering a guilty plea under Fed. R. Crim. P. 11(a)(1), Gould waived his right to appeal the denial of his motion to suppress.[2]  See, e.g., Brady v. United States, 397 U.S. 742, 748 (1970).

In order to state a claim for relief, Gould must overcome a strong presumption that Attorney Lopez provided adequate representation. Strickland v. Washington, 466 U.S. 668, 689 (1984). A reviewing court must attempt "to eliminate the distorting effects of hindsight, to reconstruct circumstances of the alleged conduct, and to evaluate counsel's conduct from counsel's perspective." Strickland, 466 U.S. at 689. The government argues that even if this court assumes Gould's allegations to be true, he has failed to meet his heavy burden in satisfying either of the Strickland prongs to prove ineffective assistance of counsel: deficient performance or prejudice. 466 U.S. at 691-92. On the deficient performance prong, the government argues that there is no case law to suggest that the omission alleged falls below an objective standard of

---

[2] Though fully informed of his right to appeal the plea and the sentence, Gould never claimed a direct appeal. (Gould Aff. ¶ 8-9.) Had Gould not allowed this right to expire, he might have contested the legitimacy of his guilty plea under a theory that he did not enter into it "knowingly" because he was not informed of Fed. R. Crim. P. 11(a)(2). (Gould Aff. ¶ 8-13.)

reasonableness.[3] On the prejudice prong, the government argues that the omission did not have an adverse impact on Gould.

## II. FACTS & PROCEDURAL HISTORY

Gould, petitioner in this case, was intercepted by the Drug Enforcement Agency in an investigation targeting Christopher Alviti ("Alviti") in June 2004. (Resp't Mem. at 1-2.) Gould was named in two counts of a seven-count indictment, which also named Alviti, relating to his possession and distribution of OxyContin. (Resp't Mem. at 1-5.) Gould retained counsel Attorney Lopez for trial. (Pet'r Mot. ¶ 15.) See United States v. Gould, No. 04-10248-RCL (D. Mass. Sept. 21, 2006). Attorney Lopez filed a pretrial motion to suppress post-arrest statements made by Gould to law enforcement officers. (Def.'s Mot. to Suppress.) Judge Lindsay denied his motion to suppress. (Pretrial Order, Dec. 20, 2005.)[4] Following the denial of Gould's motion to suppress, he consulted with Attorney Lopez. (Gould Aff. ¶ 2.) Gould says, "As a result of these discussions [with Attorney Lopez] I elected to change my plea to guilty." Id. Gould therefore determined to tender a straight up plea, i.e. a plea not the result of a bargain with the government. The record shows a vast disparity in the amount of OxyContin pills for which Gould could have been

---

[3] For the sake of brevity, the term "omission" in reference to Attorney Lopez refers to his alleged failure to advise Gould of the provisions of Fed. R. Crim. P. 11(a)(2).

[4] Gould took the anomalous position at the suppression hearing that the had never made the statements but, if he had, they ought be suppressed. (Tr. of Motion to Suppress at 3-4, ¶ 11-15, 3-10 ¶ 9-25, 3-11 ¶ 1-7.)

3

held accountable at trial - a disparity ranging from 502 to 60,000 pills.  (Sentencing Tr. 6, 8-9, 11).  As was his wont, <u>see</u> <u>United States</u> v. <u>Osorio</u>, No. 09-10069, slip op. at 3 (D. Mass. Sept. 24, 2009), <u>compare</u> <u>United States</u> v. <u>Alba</u>, No. 05-10048, slip op. at 9 (D. Mass. Sept. 29, 2009), (discussing Judge Lindsay's common practice of holding evidentiary hearings to determine disputed facts at sentencing) Judge Lindsay set up an evidentiary hearing to determine the drug weight to be attributed to Gould for the purpose of applying the sentencing guidelines.  (Gould Aff. ¶ 4; Sentencing Tr. at 4).  Yet before Gould's sentencing hearing at which Alviti planned to testify, he indicated to the government that the correct number of pills may be closer to 20,000.  <u>Id.</u>  The government alleged in its sentencing memorandum that Alviti's initial information to federal agents indicated that Gould had sold him a total of 60,000 pills.  Sentencing Mem. of the United States at 5. Ultimately, the government did not call Alviti as a witness after he submitted a positive urinalysis test.  (Sentencing Tr. at 10.) Judge Lindsay sentenced Gould to one hundred twenty months and five years supervised release for conspiracy to possess with intent to distribute and to distribute oxycodone in violation of 21 U.S.C. § 846 ("Count 1") and possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) ("Count 7").  (Pet'r Motion ¶ 3, 4; Resp't Mem. at 1.)  He is currently serving his sentence at the Federal Prison Center Schyulkill.  (Pet'r Mot. at 1.)

The presentence report ("PSR") indicated that Gould was responsible for 520.16 grams of Oxycodone. (PSR ¶ 55). This amount was based on an assumption that Gould sold 7,000 pills. (Sentencing Tr. at 63.) Based on the PSR and assuming a three-level reduction for sparing the government the burden and expense of a trial, Gould's Total Offense Level ("TOL") of 31, advised a sentence of 108-135 months. (Resp't Mem. at 5-6.) Concluding that Gould had testified falsely during the motion to suppress hearing, Judge Lindsay declined the three-level reduction and added two levels for obstruction of justice (Sentencing Tr. At 46-47) but adopted the PSR and attributed a drug weight of 520.16 grams of oxycodone to Gould, yielding a TOL of 36 (Sentencing Tr. at 7.), thus advising sentence of 188-235 months. (Resp't Mem. at 6.) The government recommended a sentence of 200 months imprisonment. Id. Judge Lindsay sentenced Gould to ten years (120 months) imprisonment and five years supervised release. Gould was advised that he could appeal his guilty plea and his sentence. (Sentencing Tr. at 68; Gould Aff. ¶ 5, 6.) Gould acknowledges that he knowingly waived these appellate rights after consulting with Attorney Lopez. (Gould Aff. ¶ 8-9.)

Gould alleges that in subsequent months, he learned that Fed. R. Crim. P. 11(a)(2) provides for "a procedure by which [he] could have appealed the court's adverse ruling on [his] motion to suppress." (Gould Aff. ¶ 10.) Gould alleges that Attorney Lopez never informed him of this rule. (Gould Aff. ¶ 11.) Gould asks this court to vacate his sentence and permit a conditional plea

5

of guilty under Fed. R. Crim. P. 11(a)(2), which would reinstate his right to appeal the denial of his motion to suppress.  (Pet'r Mot. at 14.)

### III.     ANALYSIS

**A. The Habeas Standard**

A petitioner bears the burden of demonstrating, by a preponderance of the evidence, not only that he is entitled to relief under 28 U.S.C. § 2255, but also that he is entitled to an evidentiary hearing.  Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993); Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992).  An evidentiary hearing is required if the records and files in the case, or an expanded record, cannot conclusively resolve substantial issues of material fact, "when the allegations made, if true, would require relief."  United States v. Fournier, 594 F.2d 276, 279 (1st Cir. 1979).  Accordingly, a hearing is required if the issue as to whether Attorney Lopez provided ineffective assistance of counsel cannot be resolved by the facts of record.

As a threshold matter, a defendant has no absolute right to withdraw a plea.  United States v. Muriel, 111 F.3d 975, 978 (1st Cir. 1978).  The First Circuit will review a trial court's refusal to grant a withdrawal of plea only for abuse of discretion.  United States v. Raineri, 42 F.3d 36, 41 (1st Cir. 1994).  In the First Circuit, the standard of review for a habeas claim is whether the facts alleged by the petitioner, if taken as

true unless contradicted by the record, state a claim upon which relief can be granted.  Porcaro v. United States, 784 F.2d 38, 40 (1st Cir. 1986) (citing Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980)).  For the purposes of this analysis, the allegation by Gould in his 28 U.S.C. § 2255 petition that Attorney Lopez did not inform him of Fed. R. Crim. P. 11(a)(2) will be taken as true.  If Gould has alleged facts sufficient to sustain his burden of proof, this Court may either request that the parties provide additional materials to aid determining whether a hearing is required, 28 U.S.C. § 2255 Rule 7, or this Court may hold an evidentiary hearing to determine whether Attorney Lopez failed to inform Mr. Gould of Fed. R. Crim. P. 11(a)(2).  28 U.S.C. § 2255 Rule 8.  "If it plainly appears from the motion, attached exhibits, and the record of prior proceedings" that Gould is not entitled to relief, his petition may be dismissed.  28 U.S.C. § 2255 Rule 4(b).

**B. Gould Satisfies The Procedural Requirements Of 28 U.S.C. § 2255.**

Under Fed. R. Crim. P. 32(d), a plea may only be set aside by direct appeal or by petition under 28 U.S.C. § 2255. Gould satisfies each of the requirements for filing a cognizable section 2255 petition.  Judgment became final in Gould's case on September 21, 2006.  Gould (No. 04-10248).  Gould filed this petition under 28 U.S.C. § 2255 on September 19, 2007, which satisfies the one-year statute of limitations required by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  28

U.S.C. § 2255(f)(1) (2004).  See 28 U.S.C. § 2255 Rule 3(c) (2004).

For this Court to have subject matter jurisdiction, the petitioner must be in custody under the judgment of either a federal or state court.  28 U.S.C. § 2255 Rule 1.  Gould meets this requirement because he is currently in custody at FPC Schuylkill as the result of the judgment rendered by this court.  See Gould (No. 04-10248).  Gould seeks a determination that this court's judgment violates his right to effective counsel under the Sixth Amendment, which satisfies Rule 1(a)(1).

Gould also has satisfied filing requirements by submitting a completed 28 U.S.C. § 2255 petition form in this court.  28 U.S.C. § 2255 Rule 2.  Gould specifies grounds for relief and alleges facts to support his claim of ineffective assistance of counsel in his affidavit.  (Gould Aff. at 18.)

This Court has jurisdiction over Gould's motion because my colleague Judge Lindsay conducted his trial and imposed his sentence.  28 U.S.C. § 2255 Rule 4(a).  See also Carvell v. United States, 173 F.2d 348, 349 (4th Cir. 1949).  Although the U.S. Attorney's Office was not required to respond to Gould's motion under Rule 5, the government provided a memorandum of law addressing the merits of Gould's motion.  (Gov't Mem. at 1-16.)  Gould did not submit a memorandum of law with his petition for habeas relief.[5]  This analysis proceeds on the basis of the facts

---

[5] Habeas petitioners are not required to submit memoranda of law, although a petitioner may do so if he feels that his motion may be disposed of summarily.  Since Gould's claim is

alleged in Gould's 28 U.S.C. § 2255 petition.

Federal prisoners are not held to an exhaustion requirement in order to file a habeas claim. A motion for relief "may be made at any time." Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998). Such claims are barred by the procedural default rule, which prevents petitioners from raising claims that they could have raised on appeal. The procedural default rule does not apply here, however, because Gould cannot appeal the denial of his motion to suppress absent the habeas relief he seeks. Reed v. Farley, 512 U.S. 339, 354 (1994).

**C. Ineffective Assistance of Counsel**

Strickland v. Washington, 466 U.S. 668 (1984) provides a two-pronged test for analyzing ineffective assistance of counsel claims. A petitioner must first demonstrate that his counsel's performance "fell below an objective standard of reasonableness." Id. at 691-92. Second, a petitioner must show that he was prejudiced by his counsel's deficient performance. Id. Strickland creates a strong presumption of reasonable professional assistance. Id. at 689.

In Hill v. Lockhart, the Supreme Court established that the Strickland analysis applies to ineffective assistance of counsel

---

straightforward and cogently presented in his petition and affidavit, there is no occasion to require him to submit a memorandum of law to respond to the government's arguments. 28 U.S.C. § 2255 Rule 7. See also Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 29.1 (5th ed. 2001).

9

claims in the guilty plea context.  474 U.S. 52, 59-60 (1985).
With respect to the prejudice prong, a petitioner must show that
counsel's errors "affected the outcome of the plea process."  Id.
at 59.  A failure to satisfy the prejudice prong allows the court
to dispose of the petitioner's motion without reaching the
performance issue.  Strickland, 466 U.S. at 697; Knight v. United
States, 37 F.3d 769 (1st Cir. 1994).  The Strickland Court's
prediction that courts may find it easier to dispose of
ineffective assistance claims on prejudice grounds has proven to
be true.  See, e.g., Gonzalez-Soberal v. United States, 244 F.3d
273, 277-78 (1st Cir. 2001) (noting that "addressing the
prejudice prong prior to evaluating counsel's conduct is a
permissible approach and even endorsed where efficient").

Gould suffered no prejudice here.  First, Gould's mere
assertion that he might have agreed to a conditional guilty plea
is insufficient to show prejudice.  Second, Gould has not alleged
facts sufficient to show that he would successfully have met the
requirements of Fed. R. Crim. P. 11(a)(2).

1. **Gould's Implied Assertion That He Might Have Accepted A Conditional Guilty Plea Is Simply Insufficient To Show Prejudice.**

A district court has discretion to dismiss a habeas petition
without holding an evidentiary hearing if the petitioner "merely
states what counsel's alleged act or omission is without
explaining why it constituted 'gross impropriety or prejudicial
misconduct.'"  Polanco v. United States, No. 92-2054, slip op. at
2, 989 F.2d 484, 1993 WL 72417 (1st Cir. Mar. 15, 1993) (quoting

Bernier v. Moore, 441 F.2d 395 (1st Cir. 1971)).[6]  Here, Gould does not even allege explicitly that he wanted to enter a conditional guilty plea, although that is implied.  Instead, he merely references Fed. R. Crim. P. 11(a)(2).  This is insufficient to plead prejudice in circumstances where, as here, even had he been permitted to tender a conditional guilty plea, he would still have received the same sentence, because he would have been held accountable for the same drug weight.[7]  Although dismissal is thus proper, this Court declines to resolve this petition upon a technicality.

---

[6] Citation to an unpublished decision is proper when an opinion is "likely not to break new legal ground."  1st Cir. R. 36(a).  Polanco affirms the holding of Bernier.

[7] Several circuits have interpreted the requirements of Fed. R. Crim. P. 11(a)(2) strictly.  The Fifth Circuit has ruled that if the record contains no manifestations of a reservation of appellate rights, the defendant's plea is presumptively unconditional.  United States v. Wise, 179 F.3d 184 (5th Cir. 1999).  The Sixth Circuit has held that a conditional guilty plea must be in writing so that a precise record can be made of the fact of the government's consent and the specific pretrial motion that the defendant reserves the right to challenge.  United States v. Herrera, 265 F.3d 349 (6th Cir. 2001).  See also United States v. Bell, 350 F.3d 534 (6th Cir. 2003) (affirming the holding of Herrara with respect to pretrial motions to suppress and stating that the writing must evidence the government's consent to the reservation of issues for appeal).  It has also held that a defendant has an affirmative duty to reserve rights on appeal through the conditional guilty plea route.  United States v. Guillory, 100 Fed.Appx. 536 (6th Cir. 2004).  The Fourth Circuit has ruled that conditional guilty pleas are the exception, not the rule.  Thus, conditions must be clearly laid out in writing or at least clearly shown on the record that there was no doubt a conditional guilty plea was agreed to.  United States v. Bundy, 392 F.3d 641 (4th Cir. 2004).  The Eighth Circuit has held that both the court and the government must agree to a conditional guilty plea, and a court has not abused its discretion when it denies a defendant's conditional guilty plea.  United States v. Russell, 132 Fed.Appx. 670 (8th Cir. 2005).

### 2. More important, Gould Has Not Alleged Facts Sufficient To Support A Reasonable Probability That He Could Have Secured A Conditional Guilty Plea.

The core issue under the prejudice prong is whether a reasonable probability exists that the outcome of Gould's plea negotiations would have been different had he known of the availability of a conditional plea. Strickland defines reasonable probability as "sufficient to undermine confidence in the outcome." 466 U.S. at 694. Criminal Rule 11(a)(2) contains four requirements for securing a valid conditional guilty plea: 1) consent from the court; 2) consent from the government; 3) a writing that memorializes the conditional guilty plea; and 4) a specific written preservation of the defendant's right to appeal the adverse pretrial determination. Conditional guilty pleas tend to be disfavored by courts. Santobello v. New York, 404 U.S. 257 (1971); United States v. Lopez, 571 F.2d 1345 (5th Cir. 1978); United States v. Thompson, 680 F.2d 1145 (7th Cir. 1982), cert. den., 459 U.S. 1089 (1982); United States v. Robertson, 698 F.2d 703 (5th Cir. 1983). First, the presiding court must provide its consent in order to allow a defendant to enter a conditional guilty plea. Fed. R. Crim. P. 11(a)(2). Second, the government must also consent to a conditional guilty plea. Fed. R. Crim. P. 11(a)(2). A court and the government have "absolute discretion" to refuse to accept a conditional guilty plea, United States v. Davis, 900 F.2d 1524 (10th Cir. 1990), and the government may "refuse to assent to a conditional plea for any reason or no reason." United States v. Yasak, 884 F.2d 996,

999 (7th Cir. 1989). Conditional guilty pleas are usually only available as the result of a plea bargain. United States v. Halfacre, 566 F.2d 534 (5th Cir. 1978) (holding that the defendant's guilty plea "was intimately tied to the reservation of his right to appeal").

Ruling a conditional guilty plea proper under certain circumstances, the Third Circuit has provided an instructive analysis of the reasoning behind the Fed. R. Crim. P. 11(a)(2). United States v. Moskow, 588 F.2d 882 (3d Cir. 1978) (citing United States v. Zudick, 523 F.2d 848 (3d Cir. 1975)). Conditional guilty pleas fall within an exception to the general rule that voluntary and intelligent guilty pleas bar subsequent conditional challenges to the proceedings. Moskow, 588 F.2d at 887. The reasons for this are: 1) "the prosecution 'acquires [no] legitimate expectation in the finality of the conviction,'" and 2) the conditional guilty plea procedure is a "commendable [effort] to relieve the problem of congested criminal trial calendars in a manner that does not diminish the opportunity for the assertion of rights guaranteed by the Constitution." Zudick, 523 F.2d at 852 (quoting Lefkowitz v. Newsome, 420 U.S. 293, 289 (1975)). See also United States v. Doyle, 348 F.2d 715, 719, (2d. 1965) cert. denied, 382 U.S. 843 (1965).

Gould's case is somewhat similar to Knight v. United States. 37 F.3d 769 (1st Cir. 1994). In Knight, the defendant's attorney failed to inform the defendant about the impact an earlier guilty plea to a state crime would have on his sentence were he to enter

13

a guilty plea to a later federal crime.  37 F.3d 769 (1st Cir. 1994).  First, Knight alleged that the information might have affected his decision to plead guilty.  Id. at 774-75.  The First Circuit held that in order to demonstrate prejudice, Knight would have had to show that but for his attorney's omission, he definitely would not have entered a guilty plea.  Second, Knight did not show that his sentence would have been any shorter had he known about the federal sentencing guidelines.  Id. at 774.

Here, in contrast, Gould alleges three facts that could support a finding that he would have agreed to a conditional guilty plea.  First, he refers to Fed. R. Crim. P. 11(a)(2) as "a procedure by which [he] could have appealed the court's adverse ruling."  (Gould Aff. ¶ 10).  Second, Gould refers to conversations he had with Attorney Lopez regarding appeal possibilities (Gould Aff. ¶ 11), suggesting that Gould sought means by which he could preserve those rights.  Third, Gould believes that this court erred in denying his motion to suppress, and he implies that he would have appealed that ruling had his unconditional plea not waived those rights.  (Gould Aff. ¶ 12). While these allegations may support an inference that Gould would have agreed to a conditional guilty plea, they fall far short of establishing a reasonable probability that he could have met the remaining requirements of Fed. R. Crim. P. 11(a)(2).

Gould simply has not alleged any facts showing a reasonable probability that he would have obtained the consent of the court and the government to enter a conditional guilty plea.  See

United States v. Fisher, 772 F.2d 371 (7th Cir. 1985). There, Fisher initially pled not guilty to a two count indictment. Subsequently, his motion to suppress was denied, and he pled guilty to one count in exchange for a five-year sentence and the government's promise to move to dismiss the other count. Id. at 372. During the plea colloquy, the district court advised Fisher that by pleading guilty he lost his right to appeal prior adverse rulings against him. Id. Fisher sought to withdraw his plea because his counsel allegedly did not advise him that he could avoid losing his right to appeal the denial of his motion to suppress if he entered a guilty plea pursuant to Fed. R. Crim. P. 11(a)(2). Id. Fisher, like Gould, claimed that his attorney's failure to inform him of Rule 11(a)(2) constituted ineffective assistance of counsel. Id. at 374.

First, the Seventh Circuit reasoned that a defendant has "no enforceable right to enter a guilty plea." Id. at 374. See also Fed. R. Crim. P. 11 advisory committee's note (stating that the purpose of amending Rule 11 to include the conditional guilty plea is to "conserve prosecutorial and judicial resources and advance speedy trial objectives.") Second, Fisher could not show any prejudice because he could have gone to trial, and, if he lost on the merits, appealed. Fisher, 772 F.2d at 373. Third, Fisher acknowledged that he waived his rights to appeal upon entering the guilty plea. Id. Lastly, the court reasoned:

> [Fisher] could not have plea-bargained a better deal for himself using the threat of a conditional guilty plea as a bargaining chip because such a threat would have lacked any

15

> personal sting. Fisher needed the government's and the court's consent to enter a conditional guilty plea. The government could refuse to allow such a plea for any reason or for no reason at all. Even if we do not accept the government's self-serving statement that it would have refused to agree to any suggested conditional plea, it clearly would not have conceded Fisher the right to appeal the denial of his motion to suppress without extracting a price. At the very least, the government would not have accepted a 'deal' that it perceived made it worse-off (and conversely, Fisher better-off) than the one actually struck. In other words, the government might have agreed to a conditional plea, but only in exchange for a more onerous sentence. In all likelihood, Fisher received a better deal-and not a worse one-because of the non-conditional nature of his plea. He has shown no prejudice.

Id. at 373-74.

Much of the reasoning of Fisher is applicable to the present case. First, Gould is mistaken in thinking the availability of a conditional guilty plea in the Federal Rules of Criminal Procedure is a mechanism for defendants to preserve appellate rights. It is not. It is simply another incentive to plead guilty and avoid trials. A defendant has no enforceable right to a conditional guilty plea. Fed. R. Crim. P. 11(a)(2); United States v. Daniels, 866 F.2d 749 (5th Cir. 1989). See Fisher, 772 F.2d at 374. The legislative history of Fed. R. Crim. P. 11 indicates that it was intended to benefit courts and prosecutors, not defendants. Fisher, 772 F.2d at 374. The Advisory Committee reasoned, "[t]he conditional plea procedure provided for in subdivision (a)(2) will . . . serve to conserve prosecutorial and judicial resources and advance speedy trial objectives." Fed. R.

Crim. P. 11 Advisory Committee's Note.  The Committee emphasized the wide discretion given to the government under Fed. R. Crim. P. 11(a)(2):

> The government is in a unique position to determine whether the matter at issue would be case-dispositive, and, as a party to the litigation, should have an absolute right to refuse to consent to potentially prejudicial delay . . . Moreover, where the pretrial ruling is case-dispositive, § 3731 is the only mechanism by which the government can obtain appellate review, but a defendant may always obtain review by pleading not guilty.

Id.  The Committee further emphasized the importance of securing the government's consent in conditional guilty pleas through the writing requirement, which was created to "avoid entry of a conditional plea without the considered acquiescence of the government."  United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997).  Gould's statement that "there was a procedure by which [he] could have appealed the court's adverse ruling" does not take into account that the conditional guilty plea is not an enforceable right available to defendants without strict requirements that must be met.  Gould does not allege that he could have met any of these requirements at the time of pleading, nor does he allege that he is now able to meet the rule's requirements.  Second, as in Fisher, Attorney Lopez's alleged omission played no role whatsoever in Gould's determination to plead guilty rather than go to trial, which would have preserved his right to appeal the denial of his motion to suppress.

Hill requires a finding of "reasonable probability" that the

17

outcome of the plea process would have been different but for counsel's errors.  Hill, 474 U.S. at 58-59.  Here, there is not a scintilla of evidence that Gould would have been practically advantaged had he been informed of the provisions of Fed. R. Crim. P. 11(a)(2).  First, there is no evidence at all that the government was interested in negotiating a conditional plea.  Indeed, the government presently says such an agreement was "highly [im]probable."  Resp't Mem. at 13.  As the Seventh Circuit observed in Fisher, "the government might have agreed to a conditional plea, but only in exchange for a more onerous sentence."  Fisher, 773 F.2d at 374.  And what of the judge?  While it has been my experience that, if the government will agree to a conditional plea, I always go along to clear the case from the docket and turn to pressing trialworthy matters, see, e.g., United States v. Wright, 485 F.3d 45 (1st Cir. 2007), aff'd on 2d appeal, ___ F.3d. ___, 2009 WL 3019695 (1st Cir. Sept. 23, 2009) that is not the case here.  Here, there is no docket incentive to agree to a conditional plea.  Nor is there any evidence whatsoever, beyond Gould's bald assertion, that there is any infirmity in the decision on the motion to suppress.  More, much more, is required before burdening the Court of Appeals with the criminal appeal.[8]  Here, there is simply no evidence, much

---

[8] And what of resentencing?  Even if the government, against all odds, agreed to a conditional plea, surely it would, at a minimum, want to re-argue its contention that Gould deserves a 200 month sentence.  Sadly, Judge Lindsay is gone.  The criminal case would have to be re-drawn for resentencing to one of the 10 active district judges sitting in Boston.  See D. Mass. Loc. R. 40.1(I).  Having lied during the motion to suppress,  Gould is

less a "reasonable probability" that the plea process would have turned out any differently had Gould known the provisions of Fed. R. Crim. P. 11(a)(2).

### IV.  CONCLUSION

For the foregoing reasons, Gould's petition under 28 U.S.C. § 2255 must be, and hereby is, DENIED.

>                    By the Court,
>
>
>                    /s/ William G. Young
>                    William G. Young
>                    District Judge

---

hardly a sympathetic figure.  The sentencing guidelines counsel a higher sentence.  Judge Lindsay gave Gould a substantial discount from the recommended sentencing range.  Such discounts remain rare in this district even though the guidelines are now advisory.  (My authority for this conclusion is a substantial independent study of criminal sentencing in the District of Massachusetts post-Booker.  I have agreed not to cite it until publication.  I remain convinced that *all* aspects of the sentencing process ought be publicly accessible at minimal cost. See Richardson v. United States, 477 F. Supp. 2d 392 (D. Mass. 2007)).